UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-382-JMH                                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                      PLAINTIFF

VS.                            **ANSWER TO COUNTERCLAIM**

MARY ELIZABETH CLAY, ET AL                                                   DEFENDANTS

\* \* \* \* \*

Plaintiff United States of America responds pursuant to Rule 8 of the Federal Rules of Civil Procedure to the numbered allegations of Defendant's Counterclaim, as follows:

1. Plaintiff United States admits the allegations contained in Paragraph 17 of Defendant's Counterclaim.

2. Paragraph 18 contains legal conclusions to which no response is required. To the extent that any facts are alleged in Paragraph 18, they are denied.

3. Plaintiff admits the allegations contained in Paragraph 19.

4. Plaintiff denies the allegations contained in Paragraph 20. Plaintiff affirmatively states as follows: Since 1983, the FmHA and its successor agency, the FSA, have conducted three appraisals of the subject property.

5. Plaintiff denies the allegations contained in Paragraph 21 inasmuch as independent contractors were involved in the 1990 and 2000 appraisals of the subject property, and said independent contractors were not under the control and/or supervision of the FmHA or the FSA. However, to the extent that the FmHA and FSA employees were involved in the

appraisals and/or administrative reviews of said appraisals conducted on the subject property in 1983, 1990 and 2000, said employees were acting within the course and scope of their employment.

6. Plaintiff admits so much of Paragraph 22 to the extent that the appraisals performed on the subject property reflected differing amounts, and that the property at issue is located in Harrison County, Kentucky. Plaintiff denies the remainder of said Paragraph 22.

7. Plaintiff admits the allegations contained in Paragraph 23.

8. With regard to the first sentence of Paragraph 24, Plaintiff admits that in 1983, the subject property appraised for $91,500; however, Plaintiff affirmatively states that the entire debt on the property was $91,572.24. Plaintiff lacks sufficient knowledge to respond to the remainder of the first sentence of Paragraph 24, and therefore denies same. With regard to the second sentence of Paragraph 24, Plaintiff denies that there was no loan servicing activity during the time alleged, as Farm and Home Plans were completed on a number of occasions during the period. Farm and Home Plans do not constitute appraisals, but do constitute servicing activity. With regard to the remainder of the sentences of Paragraph 24, Plaintiff admits that a Shared Appreciation Agreement was entered into in 1990, and said document speaks for itself. Plaintiff denies the remainder of Paragraph 24 not previously admitted.

9. Plaintiff admits so much of Paragraph 25 as alleges that an appraisal was performed on the subject property in 2000 in accordance with the Shared Appreciation Agreement, which documents speak for themselves. Plaintiff denies the remainder of the allegations contained in Paragraph 25.

10. Plaintiff denies the allegations contained in Paragraphs 26, 27, 28, 29, and 30.

11.     Plaintiff admits so much of Paragraph 31 as comports with Paragraph 6 of Plaintiff's original Complaint, as set forth below:

> On or about February 28, 1998, the defendant, Mary Elizabeth Clay, for value received, executed and delivered to FSA a promissory note ("Note") in the principal amount of $74,937.52, said Note requiring annual payments of principal and interest. This Note represents a reamortization of a prior note dated July 24, 1990 in the principal amount of $62,081,13, which said note represents a reamortization of a prior note dated June 16, 1986 in the principal amount of $109,050.67.

Plaintiff denies the remainder of the allegations contained in Paragraph 31.

12.     Plaintiff denies the allegations contained in Paragraph 32. Plaintiff admits that an invalid release was filed of record due to administrative error by the Rural Development office. A notice of correction was immediately filed thereafter in the record by Plaintiff.

13.     Plaintiff admits so much of Paragraph 33 that alleges that Rural Development employees acted within the course and scope of their employment, but denies that said employees had real, apparent or other legal authority to release loans on behalf of any other agency, including FSA. Plaintiff denies the remainder of said Paragraph 33.

14.     Plaintiff denies the allegations contained in Paragraphs 34, 35 and 36.

15.     Plaintiff lacks sufficient knowledge to respond to the allegations contained in the first sentence of Paragraph 37, and therefore denies same. Plaintiff denies the remainder of Paragraph 37.

16.     Plaintiff lacks sufficient knowledge to respond to the allegations contained in Paragraph 38, and therefore denies same.

17.     Plaintiff reiterates and incorporates by reference each of its responses above to any factual allegation incorporated by Paragraph 39 of Defendant's counterclaim.

18. Plaintiff denies the allegations contained in Paragraph 40.

19. Plaintiff reiterates and incorporates by reference each of its responses above to any factual allegation incorporated by Paragraph 41 of Defendant's counterclaim.

20. Plaintiff denies the allegations contained in Paragraphs 42 and 43.

21. Plaintiff reiterates and incorporates by reference each of its responses above to any factual allegation incorporated by Paragraph 44 of Defendant's counterclaim.

22. Plaintiff denies the allegations contained in Paragraphs 45 and 46.

The remainder of Defendant's Counterclaim represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Plaintiff United States denies the allegations.

Plaintiff United States denies all allegations of Defendant's Counterclaim not specifically admitted.

## **AFFIRMATIVE DEFENSES**

1. This Court lacks subject matter jurisdiction over the Defendant's Counterclaim and claims for recoupment.

2. Defendant's Counterclaim is barred by the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680.

3. Defendant's Counterclaim is barred by the misrepresentation exception of the Federal Tort Claims Act, 28 U.S.C. § 2680(h).

4. Defendant's Counterclaim is barred by the statute of limitations.

5. Defendant has failed to properly exhaust administrative remedies as to the relief sought in the Counterclaim and thus there is no subject matter jurisdiction.

      6.      Defendant's Counterclaim is barred by the doctrine of laches.

      7.      Defendant is not entitled to estoppel against the United States for failure to state a cause of action of affirmative misconduct.

      8.      Defendant is not entitled to equitable relief under the clean hands doctrine.

      9.      Plaintiff United States asserts that it has, or may have, additional affirmative defenses which are not known to the Plaintiff at this time, but which may be ascertained through discovery. Plaintiff United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, having fully answered Defendant's Counterclaim, Plaintiff United States respectfully moves this Court to dismiss Defendant's Counterclaim, for its costs incurred herein, and for such further relief as is just and proper.

                                      Respectfully submitted,

                                      JAMES A. ZERHUSEN
                                    ACTING UNITED STATES ATTORNEY

By:    S/ Cheryl D. Morgan
        Cheryl D. Morgan
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        (859) 685-4870
        Cheryl.Morgan@usdoj.gov

        S/ Marianna Jackson-Clay
        Marianna Jackson-Clay
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        (859) 685-4820
        Marianna.Clay@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    J. Eileen Zell
    ezell@lablaw.org

    Glenda Harrison
    gharrison@lablaw.org

    Michael J. O'Hara
    mohara@ortlaw.com

                                              S/ Cheryl D. Morgan
                                              Assistant United States Attorney