UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-382-JMH

UNITED STATES OF AMERICA,                                                              PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

MARY ELIZABETH CLAY, ET AL.,                                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This is a real estate mortgage and chattel lien foreclosure action which plaintiff brings on behalf of its Department of Agriculture, Farm Service Agency ("FSA"), formerly known as the Farmers Home Administration ("FHA"), pursuant to 28 U.S.C. § 1345, alleging that defendant Mary Elizabeth Clay ("Clay"), is in default on a mortgage she assumed on or about April 26, 1983, from the original mortgagors, Jerry L. Northcutt and Sherry C. Northcutt, concerning a tract of land and improvements thereto located in Harrison County, Kentucky, containing approximately 21.96 acres. Plaintiff alleges that defendant Clay has failed to make the payments of principal and interest due in accordance with the terms and conditions of the Mortgage Note, Assumption Agreement, Shared Appreciation Agreement, and Security Agreement, and is therefore in default.

Plaintiff seeks judgment against defendant Clay in the principal amount of $92,075.06, plus interest accrued thereon in the amount of $18,090.024 through September 7, 2005, totaling $110,165.30 as of September 7, 2005.[1]  Plaintiff also seeks its costs, disbursements, and expenses.

In answering plaintiff's complaint, defendant Clay asserted that plaintiff's claims are barred in whole or in part by the doctrines of equitable or promissory estoppel and by the doctrine of laches. Additionally, defendant Clay has filed counterclaims against the plaintiff asserting that plaintiff is estopped from foreclosing on its lien and otherwise pursuing its claims against her by reason of

---

[1] Plaintiff states that interest is accruing on the unpaid principal balance at the rate of $9.5308 per day after September, 2005, until entry of Judgment herein.

promissory/equitable estoppel. Defendant has also counterclaimed for intentional misrepresentation and for negligent misrepresentation, seeking an award of damages in the form of recoupment that would offset her obligation which plaintiff claims it is owed in its complaint.

This matter is before the court on defendant Clay's motion to compel discovery from the plaintiff concerning her discovery requests.[2] Specifically, defendant seeks an order compelling plaintiff to produce documents responsive to her Request for Production of Documents numbers 1 through 9, and 12, and that plaintiff answer her Interrogatory Nos. 2 through 13. See DE #52. Defendant's motion to compel discovery has been fully briefed and is ripe for review.

Summarizing plaintiff's response to defendant Clay's motion to compel, in a nutshell, plaintiff asserts that the motion to compel in its entirety is without merit and should be denied in total for a number of reasons, *viz.,* sovereign immunity, that the motion to compel seeks non-existent documents and/or that it seeks discovery concerning defendant's counterclaims asserted under theories of promissory estoppel and negligent/intentional misrepresentation and that said counterclaims are not proper recoupment claims; therefore, defendant is not entitled to the requested discovery.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

## II. DEFENDANT'S MOTION TO COMPEL DISCOVERY

The discovery requests in dispute are set out below, including plaintiff's responses thereto, and will be considered in seriatim, and, for ease of reference, in the same format and order as presented in defendant Clay's motion to compel.

---

[2] Pursuant to numerical paragraph 1 of the district court's Scheduling Order entered herein on April 30, 2008, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #41].

A.  **Request for Production of Documents**

>   **REQUEST NO. 1:** Please produce any and all shared appreciation agreements and appraisal information for any borrowers in Harrison County, Kentucky, that received a write-down in between January 1, 1989 and December 31, 1990. Please redact any personal information.
>
>   **RESPONSE:** Objection. This Request is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

In support of her motion to compel, defendant Clay argues that plaintiff's response is inadequate in that plaintiff is required to state the specific reason for its objection and that its generalized objection as stated fails to comply with Fed.R.Civ.P. 34(b)(2)(C). Defendant also notes that she narrowed the geographical scope of this request to only Harrison County, Kentucky, and that she only requested information concerning loans that received a write-down; therefore, it is not overly broad and burdensome, contrary to plaintiff's response.

Upon review of the pleadings herein, the Magistrate Judge concludes that plaintiff's objection to Document Request No. 1 has merit. This document request appears to be overly broad and unduly burdensome. The information sought by this request seeks information that might be relevant to a discrimination claim; however, a discrimination claim is not a part and parcel of this action, which is simply a straightforward foreclosure action.

Plaintiff's objection to Request No. 1 is sustained, and plaintiff need not supplement its response thereto.

>   **REQUEST NO. 2:** Please produce in its entirety any and all USDA compiled real estate sales data cards in Harrison County, Kentucky, available for use in determining an appropriate basis for the market-data approach for appraisals conducted at the time of each appraisal of Ms. Clay's property from December 1, 1980 through January 31, 1990.
>
>   **RESPONSE:** The information requested in this Request was not retained by State and county offices this length of time.

The Magistrate Judge concludes that the plaintiff has misinterpreted this document request and that plaintiff's response thereto is insufficient. This document request asks for "*USDA compiled* real estate sales data cards" (emphasis added). Plaintiff's response that this information

was not retained by State and county offices for this length of time is not responsive. Assuming this information was compiled by the USDA, it should be retained in some USDA office somewhere, be it in the USDA's offices in Washington, D.C., in Frankfort, Kentucky, or in Harrison County, Kentucky.

Plaintiff is directed to supplement its response to this document request and to respond to the document request as asked.

> **REQUEST NO. 3:** Please produce in its entirety any and all regulations, policies, procedures, standards, etc., governing USDA appraisals and appraisal reviews in effect at the time of each appraisal of Ms. Clay's property from December 1, 1980 through the present.
>
> **RESPONSE:** Objection. This Request is overly broad, burdensome. Furthermore, outdated notices, instructions and the like are destroyed in accordance with the policies and procedures attached hereto. Without waiving said objection, and in a good faith effort to respond to this Request, the newest appraisal regulations are attached. See "FSA Handbook, General Program Administration, 1-FLP (Revision 1).

In support of her motion to compel, defendant Clay argues that plaintiff's response is inadequate in that (1) contrary to its statement, plaintiff failed to attach to its response the policies and procedures concerning the destruction of outdated notices and instructions, and (2) the newest appraisal regulations which were attached are dated December 31, 2007, and are completely out of the relevant time frame for appraisals concerning this action (ranging from 1980 to 2000). Defendant also notes that she narrowed the scope of this request by categorical scope to the "guidelines governing only appraisals and appraisal reviews" and by specific time periods (guidelines that were in existence in 1980, 1983, 1990, and 2000), in order to minimize the burden to the plaintiff. For these reasons, defendant submits that this document request it is not overly broad and burdensome, contrary to plaintiff's response.

The Magistrate Judge is persuaded by defendant's argument. Plaintiff's objection to Document Request No. 3 is overruled; defendant's motion to compel will be granted to the extent that plaintiff is directed to supplement its response thereto by producing the documents requested; in the event these documents have been destroyed, plaintiff is directed to produce the policies and

4

procedures concerning the destruction of documents that were requested by this document request but no longer exist because they have been destroyed.

**REQUEST NO. 4:** Please produce in its entirety any Inspection Reports conducted with regard to Ms. Clay's property from December 1, 1980 through the present. For any documents already produced, please identify documents by Bates stamped number(s).

**RESPONSE:** Unless otherwise privileged or protected, Ms. Clay's file materials were made available to counsel for copying in June, 2008, and this information would have been contained in those materials. Said file materials were also scanned, Bates stamped, and provided to Defendant's counsel.

**REQUEST NO. 5:** Please produce in its entirety any and all documents, communications, notes, memorandums, or other information regarding each appraisal of Ms. Clay's property from December 1, 1980 through the present. For any documents already produced, please identify documents by Bates stamped number(s).

**RESPONSE:** Unless otherwise privileged or protected, Ms. Clay's file materials were made available to counsel for copying in June, 2008, and this information would have been contained in those materials. Said file materials were also scanned, Bates stamped, and provided to Defendant's counsel.

**REQUEST NO. 6:** Please produce in its entirety any and all documents, communications, notes, memorandums, or other information regarding each appraisal review (technical or administrative or otherwise) of Ms. Clay's property from December 1, 1980 through the present. For any documents already produced, please identify documents by Bates stamped number(s).

**RESPONSE:** Unless otherwise privileged or protected, Ms. Clay's file materials were made available to counsel for copying in June, 2008, and this information would have been contained in those materials. Said file materials were also scanned, Bates stamped, and provided to Defendant's counsel.

In support of her motion to compel, defendant Clay notes that the disclosures plaintiff made to her in June of 2008 were in no apparent order, either chronologically or by category and that the requested documents were scattered among the approximate 4,000 pages of documents produced. Defendant contends that these three document requests (4, 5, and 6) explicitly afforded plaintiff the opportunity to respond by providing the Bates stamped numbers of such requested documents that were previously disclosed in order to comply with the requirements of Fed.R.Civ.P. 34(b)(2)(E)(i), which provides: "A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*." (emphasis added).

5

Defendant also notes that in respect to plaintiff's Assertions of Privilege or Other Protections that were filed on December 5, 2008, the documents requested in Document Request Nos. 4, 5, and 6 appear to be missing and/or remain unidentifiable from plaintiff's privilege log.

The Magistrate Judge is persuaded by defendant's argument. Defendant's motion to compel will be granted to the extent that plaintiff is directed to supplement its responses to Document Request Nos. 4, 5, and 6 as follows: concerning documents that have already been produced, plaintiff is directed to identify the Bates stamped numbered documents that are responsive to each of these document requests, or in the alternative, plaintiff has the option to "organize and label them to correspond to the categories in the request" in compliance with Fed.R.Civ.P. 34(b)(2)(E)(I).

> **REQUEST NO. 7:** Please produce in its entirety, and in chronological order, any and all case file logs, running records, or other documented notes, handwritten or otherwise, maintained by the USDA staff concerning Ms. Clay. For any documents already produced, please identify documents by Bates stamped number(s).
>
> **RESPONSE:** Objection. This Request is overly broad, burdensome. Furthermore, it is unclear what information Defendant is seeking in this request. Ms. Clay's agency files have previously been produced to Defendant's counsel.

The Magistrate Judge agrees with the plaintiff's assessment that it is unclear exactly what information the defendant is seeking in this request. Although in her reply, defendant states that she believes this request to have been described with reasonable particularity with regard to each item or category of items to be disclosed, she has offered to limit the language in this request by narrowing the request for the production with respect to only those documents in Ms. Clay's case file that relate to any type of 'activity log' or other document, handwritten or otherwise, made for the purpose tracking a chronological running record of the status of Ms. Clay's loan account in order to document occurrences, communications, etc., for informational and/or inter-agency use.

Defendant's original document request as stated is unclear and overly broad. Plaintiff's objection thereto is sustained. However, defendant's motion to compel will be granted to the extent that plaintiff is directed to respond to defendant's narrowed document request, as modified in her memorandum filed in support of her motion to compel discovery from the plaintiff. In responding

6

to this narrowed document request, concerning documents that have already been produced, plaintiff is directed to identify the Bates stamped numbered documents that are responsive to this modified document request, or in the alternative, plaintiff has the option to "organize and label them to correspond to the categories in the request" in compliance with Fed.R.Civ.P. 34(b)(2)(E)(I).

> **REQUEST NO. 8**: Please produce in its entirety any manuals, handbooks, guidebooks, written policies or procedures in effect pertaining to the Harrison County USDA agencies, offices, and their employees relating to appraisals, appraisal reviews, loan origination, shared appreciation agreements and loan servicing during the time period of December 1, 1980 through the present.
>
> **RESPONSE**: Objection: This Request is overly broad, burdensome. Furthermore, outdated notices, instructions and the like are destroyed in accordance with USDA destruction policies. Without waiving said objection, and in a good faith effort to respond to this Request, the 2003 Uniform Standards of Professional Appraisal Practice Manual is attached.

In support of her motion to compel, defendant contends that plaintiff's general objection lacks adequate specificity in order to enable her to respond thereto. Defendant also submits that plaintiff's response is inadequate in that (1) contrary to its statement, plaintiff failed to attach to its response the policies and procedures concerning the destruction of outdated notices and instructions, and (2) the attachment to this response (the 2003 Uniform Standards of Professional Appraisal Practice Manual) is completely out of the relevant time frame for appraisals concerning this action (ranging from 1980 to 2000) and is therefore, irrelevant.

Defendant also offered to narrow the scope or to further limit and/or clarify the language in her request by narrowing the request for production with respect to only the written guidelines in effect during specific time periods of the appraisals conducted on her property (those conducted in 1980, 1983, 1990, and 2000).

The Magistrate Judge is persuaded by defendant's argument. Plaintiff's objection to Document Request No. 8 is overruled; defendant's motion to compel will be granted to the extent that plaintiff is directed to supplement its response thereto by producing the documents to respond to defendant's narrowed document request, as modified in her memorandum filed in support of her motion to compel discovery from the plaintiff. In the event these documents have been destroyed,

plaintiff is directed to produce the policies and procedures concerning the destruction of documents that were requested by this document request but no longer exist because they have been destroyed.

> **REQUEST NO. 9**: Please produce any statistical compilations that reflect any demographic, geographic, or other information with regard to farm real estate in Kentucky, including but not limited to borrower race, farm size, loan type and amount, etc., during the time period of December 1, 1980 through the present.
>
> **RESPONSE**: The most commonly used statistical compilations are found on the following websites: www.nass.usda.gov/ky and www.usda.gov/nass. Additionally, 2002 Census of Agriculture is attached.

In support of her motion to compel, defendant contends that plaintiff's response is inadequate, noting that although plaintiff failed to produce the requested statistical information, it did not deny that it compiles the requested statistical data or that it has access thereto. Defendant also states that the only document plaintiff produced in response to this request (the 2002 Census of Agriculture) is completely out of the relevant time frame for appraisals concerning this action (ranging from 1980 to 2000) and is therefore, irrelevant. Defendant's counsel also notes that she checked the two websites identified in plaintiff's response and that these websites only provided information as to farm size and did not provide any information as to loan type and amount, racial demographics, etc.

The Magistrate Judge is persuaded by defendant's argument. Plaintiff's response is not completely responsive in that the request does not ask plaintiff to identify the websites that are most commonly used for statistical compilations, and plaintiff's response essentially does just that, in addition to the production of the 2002 Census of Agriculture, which seems to be irrelevant to this action.

Defendant's motion to compel is granted. Plaintiff is directed to supplement its response to this document request.

> **REQUEST NO. 12:** All documents identified in Defendant's answers to Plaintiff's Interrogatories (served herewith), and all documents referred to or reviewed in preparing your Answers to the Interrogatories, not otherwise called for in these document production requests and not already produced.
>
> **RESPONSE:** Relevant documents, not otherwise privileged or protected, have been produced.

8

In support of her motion to compel, defendant merely states that at this juncture, she believes that plaintiff's response is inadequate in that she is not convinced that plaintiff has produced all of the documents she has requested and to which she is entitled. However, defendant's counsel states that she assumes the plaintiff will remedy this inadequate response to the extent her motion to compel is granted.

**B.     Interrogatories**

> **INTERROGATORY NO. 2:** Identify all policies, requirements, standards, and/or regulations that relate in any way to real estate appraisals conducted in connection with the originating and servicing of applicable USDA loans in effect at any time during December 1, 1980 through December 31, 2000 (e.g., including but not limited to the circumstances under which a real estate appraisal is required, the circumstances under which an existing real estate appraisal can be used, the standards governing the appraisals and appraisers, etc.). To the extent there are any oral policies, please describe the content and scope of application. Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.
>
> **ANSWER:** Objection: This Request is overly broad, burdensome. Without waiving said objection, thousands of internal notices have been issued over this 20 year period of time, and it would be impossible to identify what is requested in Interrogatory No. 2. Other regulations relating to real estate appraisals would be found in the Code of Federal Regulations.

The Magistrate Judge concludes that this interrogatory which asks plaintiff to identify *all* policies, requirements, standards, and/or regulations that relate *in any way* to real estate appraisals conducted in connection with the originating and servicing of applicable USDA loans in effect for a period of twenty (20) years, including oral policies, is overly broad and somewhat vague. Consequently, plaintiff's objection that this interrogatory is overly broad and burdensome is sustained. However, the Magistrate Judge also concludes that plaintiff's statement that "[o]ther regulations relating to real estate appraisals would be found in the Code of Federal Regulations" is insufficient. Consequently, defendant's motion to compel is granted to the extent that plaintiff is directed to identify the specific regulations in the C.F.R. that pertain to real estate appraisals.

> **INTERROGATORY NO. 3:** Identify all policies, requirements, standards, and/or regulations, relating to real estate appraisal reviews (technical appraisal reviews or administrative appraisal reviews or otherwise) conducted on appraisals made in connection with the originating and servicing of applicable USDA loans in

9

effect at any time during December 1, 1980 through December 31, 2000. To the extent there are any oral policies, please describe the content and scope of application.

Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.

**ANSWER:** Objection: This Request is overly broad, burdensome. Without waiving said objection, much of the information requested, consisting of possibly thousands of pages of manuals, would have been destroyed in accordance with applicable USDA destruction policy and would be impossible to identify. Furthermore, if more recent information could be identified, it would take 100 plus hours of manpower to do so.

The Magistrate Judge agrees with the plaintiff's assessment that this interrogatory is overly broad. Nevertheless, it appears that plaintiff's answer is insufficient in that, based on defendant's argument made in support of her motion to compel, plaintiff failed to attach to its answer the policies and procedures concerning the destruction of the policies, requirements, standards, and/or regulations, relating to real estate appraisal reviews that are the subject of this interrogatory. Thus, although defendant's interrogatory, as stated, is overly broad, the Magistrate Judge concludes that plaintiff is obligated to provide the destruction policy in place that would have governed the retention and/or destruction of the applicable policies and procedures, etc., that are the subject of this interrogatory.

Consequently, plaintiff's objection is sustained in part, and defendant's motion to compel will be granted to the extent that plaintiff is directed to supplement its response thereto by producing the policies and procedures concerning the destruction of documents that were requested by this interrogatory but no longer exist because they have been destroyed.

**INTERROGATORY NO. 4:** Identify all policies, requirements, standards, and/or regulations, relating to loan limitations (e.g., including but not limited to when or if the outstanding principal balance may exceed any certain loan-to-value limits, such as exceeding the value of the collateral, debt-to-income ratios, credit scoring, and/or set dollar limits of the loan itself, etc., at the time the applicant signs the promissory note and/or assumption of indebtedness) in connection with the originating and servicing of applicable USDA loans in effect at any time during December 1, 1980 through December 31, 2000. To the extent there are any oral policies, please describe the content and scope of application. Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.

10

>    **ANSWER:** Objection: This Request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, moreover, written policies that may have existed during this 20 year time frame would have been destroyed in accordance with applicable USDA destruction policy and would be impossible to identify. Furthermore, if more recent information *could* be identified, it would take 100 plus hours of manpower to do so.

The Magistrate Judge concurs with plaintiff's assessment that this interrogatory is overly broad, etc. Plaintiff's objection thereto is sustained; defendant's motion to compel is denied.

>    **INTERROGATORY NO. 5:** Identify all policies, requirements, standards, and/or regulations, relating to farm operating and/or real estate assessments, and/or farm operating plans (i.e., "Farm and Home Plan") of applicable USDA loans in effect at any time during December 1, 1980 through December 31, 2000. To the extent there are any oral policies, please describe the content and scope of application. Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.
>
>    **ANSWER:** Objection: This Request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, moreover, written policies that may have existed during this 20 year time frame would have been destroyed in accordance with applicable USDA destruction policy and would be impossible to identify. Furthermore, if more recent information could be identified, it would take 100 plus hours of manpower to do so.

The Magistrate Judge agrees with the plaintiff's assessment that this interrogatory is overly broad and burdensome. Nevertheless, it appears that plaintiff's answer is insufficient in that, based on defendant's argument made in support of her motion to compel, plaintiff failed to attach to its answer the policies and procedures concerning the destruction of the policies, requirements, standards, and/or regulations, relating to real estate appraisal reviews that are the subject of this interrogatory. Thus, although defendant's interrogatory, as stated, is overly broad, the Magistrate Judge concludes that plaintiff is obligated to provide the destruction policy in place that would have governed the retention and/or destruction of the applicable policies and procedures, etc., that are the subject of this interrogatory.

Consequently, plaintiff's objection is sustained in part, and defendant's motion to compel will be granted to the extent that plaintiff is directed to supplement its response thereto by producing the policies and procedures concerning the destruction of documents that were requested by this document request but no longer exist because they have been destroyed.

11

**INTERROGATORY NO. 6:** For each applicable USDA loan in effect (either current, delinquent, or otherwise) in Harrison County, Kentucky, on April 26, 1983, please identify:
  (a) the race of the borrower,
  (b) the acreage of the subject property,
  (c) the original and remaining principal balance of the loan,
  (d) interest rate,
  (e) payment schedule, and
  (f) status of the loan (either current or delinquent).

Please redact any personal identifying information and if loan number is redacted, please identify each loan by a sequential number.

**ANSWER:** Objection: This Request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence and calls for information well beyond the scope of issues in this action.  Without waiving said objection, in addition, as the information requested is approximately 25 years old, if the accounts have been paid in full, the files would have been destroyed pursuant to the policy of the USDA.

The Magistrate Judge concurs with plaintiff's assessment that this interrogatory is overly broad, burdensome, etc., and requests information well beyond the scope of the issues in this action. Plaintiff's objection thereto is sustained; defendant's motion to compel is denied.

**INTERROGATORY NO. 7:**  For each applicable USDA loan in effect (either current, delinquent, or otherwise) in Harrison County, Kentucky, during the period between January 1, 1989 and December 31, 1990, please identify:
  (a) the race of the borrower,
  (b) the acreage of the subject property,
  (c) the original and remaining principal balance of the loan,
  (d) interest rate,
  (e) payment schedule,
  (f) status of the loan (either current or delinquent), and
  (g) if the borrower received a write-down and entered into a shared
  appreciation agreement during that time period.

Please redact any personal identifying information and if loan number is redacted, please identify each loan by a sequential number.

**ANSWER:** Objection: This Request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, in addition, as the information requested is approximately 18 years old, if the accounts have been paid in full, the files would have been destroyed pursuant to the policy of the USDA.

The Magistrate Judge concurs with plaintiff's assessment that this interrogatory is overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's objection thereto is sustained; defendant's motion to compel is denied.

> **INTERROGATORY NO. 8:** Identify all policies, requirements, standards, and/or regulations, governing the circumstances under which a borrower's write-down or restructuring plan would be accepted by the USDA FSA resulting in a shared appreciation agreement during the period between January 1, 1989 and December 31, 1990. To the extent there are any oral policies, please describe the content and scope of application. Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.
>
> **ANSWER:** Objection: This Request is overly broad, burdensome. Without waiving said objection, and in a good faith effort to respond to this interrogatory [Plaintiff identified a list of 16 documents it provided].

The Magistrate Judge concurs with plaintiff's assessment that this interrogatory is overly broad and burdensome. Additionally, based on the documents produced in response to this interrogatory, it appears that plaintiff made a good faith effort to provide the information requested, even though not all of the 16 documents produced were effective during the requested time period. Plaintiff's objection thereto is sustained; defendant's motion to compel is denied.

> **INTERROGATORY NO. 9:** State the total number of all real estate appraisals the USDA has had conducted during the period of January 1, 1990 through December 31, 2000 in Harrison County, Kentucky. Please include in your answer the identity of each appraiser used or engaged by the USDA to conduct each such appraisal.
>
> **ANSWER:** Objection: This Request is overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, in addition, this information is not retained for this length of time. This information *might* possibly be available in some existing loans that have not yet been paid in full, but agency personnel would be required to pull each individual borrower's loan file in Harrison County, Kentucky, and locate the appraisal among hundreds of other documents. This process could take hundreds of hours of manpower.

The Magistrate Judge concurs with plaintiff's assessment that this interrogatory is overly broad, burdensome, etc. Additionally, plaintiff also advises that this information is not retained for this length of time. The plaintiff cannot produce information that has not been retained and no longer exists. Plaintiff's objection thereto is sustained; defendant's motion to compel is denied.

> **INTERROGATORY NO. 10:** Identify all policies, requirements, standards, and/or regulations, governing the circumstances under which, and process by which, a loan could be released, that were in effect during the time period of January 1, 2004 through December 31, 2004. Please limit your answer to those loans that were originated by the FmHA, FSA, and RD between December 1, 1980 and December 31, 1983, and any loans originated or shared by two or more of any of these agencies, during the time period of December 1, 1980 and December 31, 1983. To the extent there are any oral policies, please describe the content and scope of application. Please include in your answer the date(s) during which each such policy, requirement, standard, and/or regulation has been in effect.
>
> **ANSWER:** Objection: This Request is overly broad, burdensome. Without waiving said objection, and in a good faith effort to respond to this interrogatory, the following set of documents have [sic] been identified: (1) a January 17, 2005 USDA Memorandum regarding the Release of Real Estate Mortgages; (2) Attachment 2-C, USDA Servicing Borrowers with Both Rural Housing Service (RHS) and Farm Service Agency (FSA) Farm Credit Program (FCP) Loans, dated May 27, 1998, which detailed how the two agencies, RD and FSA were to handle shared mortgages on real estate; (3) Notices FLP-442 and Notice FLP-140, dated November 21, 2006 and July 13, 2000, respectively, regarding mortgage releases on joint RD and FSA security; and (4) FSA Instruction 1965-A, with multiple dates, that would have governed the release of real estate security for the specified time period. These identified documents are not inclusive of the universe of documents that may have existed at any given time. See attached documents.

In support of her motion to compel, defendant points out that this interrogatory is narrowly tailored in that it only refers to guidelines relating to loans that were cross-collateralized and in existence during 1980-1983 and to only those guidelines that were effective during the specific time period of 2004, the time that Ms. Clay's mortgage was released. Defendant also notes that of the four documents plaintiff listed that it provided, it appears that only one may have been effective during the requested period of time.

The Magistrate Judge is persuaded by defendant's argument. Based on plaintiff's statement that the four documents that it produced are not inclusive of the universe of documents that may have existed at any given time and based on the fact that only one of the documents produced appears to have been in effect during the requested period of time, the Magistrate Judge concludes that plaintiff is obligated to supplement its answer to this interrogatory. Defendant's motion to compel is granted, and the plaintiff is directed to provide a more detailed answer to this interrogatory.

> **INTERROGATORY NO. 11:** If any document requested in relation to Plaintiff's Request to Produce Documents (served herewith) was, but no longer is, in

your possession or subject to your control, please state: (a) the date and description of the document; (b) the date of its disposition; (c) the manner of its disposition (e.g. lost, destroyed, or transferred to a third party etc); and (d) a statement of the reason for each such disposition of the document.

**ANSWER:** This has been answered in conjunction with each interrogatory or request for production of documents.

In support of her motion to compel, defendant states that regardless of plaintiff's answer to this interrogatory, plaintiff has not explained the disposition of any requested document that at one time was in its possession but is no longer in its possession and that plaintiff has not provided her with any document destruction policy.

The Magistrate Judge notes that in responding to defendant's discovery requests, plaintiff has made reference to the USDA's policy on document destruction and/or its document retention policies, plaintiff did not attach said policies to its responses. Therefore, defendant's motion to compel is granted.

**INTERROGATORY NO. 12:** Identify each person Defendant may call as a witness in this case.

**ANSWER:** The United States has, and will, identify witnesses in accordance with the discovery plan entered into this case, and in accordance with further orders of the Court.

**INTERROGATORY NO. 13:** Identify each document Defendant may introduce into evidence in this case.

**ANSWER:** The United States has, and will, identify documentary evidence in accordance with the discovery plan entered into this case, and in accordance with further orders of the Court.

In support of her motion to compel, defendant points out that plaintiff is obligated to respond to these two discovery requests so that she has a fair opportunity to take necessary depositions and other discovery in this case in preparation for trial.

The Magistrate Judge concurs with defendant's assessment of plaintiff's answers to these two interrogatories. Defendant's motion to compel is granted. Plaintiff is directed to supplement its answers to these two interrogatories now and provide information to the extent of its present knowledge; plaintiff may also supplement its answers thereto as needed.

### III. CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that defendant Clay's motion to compel discovery from the plaintiff [DE #52] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    1. As to defendant Clay's Request for Production of Documents:

    a. Plaintiff's objection to Document Request Nos. 1 is **SUSTAINED**; her motion to compel plaintiff to supplement its responses to Document Request Nos. 1 is **DENIED**.

    b. her motion to compel plaintiff to supplement its responses to Document Request Nos. 2, 4, 5, 6, 9, and 12 is **GRANTED**. Plaintiff is directed to supplement its responses thereto as set out in detail above.

    c. Plaintiff's objection to defendant Document Request Nos. 3 is **OVERRULED**. Defendant Clay's motion to compel plaintiff to supplement its responses to Document Request No. 3 is **GRANTED**.

    d. Plaintiff's objection to Document Request No. 7, as originally stated, is **SUSTAINED**; however, defendant's motion to compel is **GRANTED** to the extent that plaintiff is directed to respond to defendant's narrowed Document Request No. 7, as modified in her memorandum filed in support of her motion to compel discovery from the plaintiff. In responding to this narrowed document request, concerning documents that have already been produced, plaintiff is directed to identify the Bates stamped numbered documents that are responsive to this modified document request, or in the alternative, plaintiff has the option to "organize and label them to correspond to the categories in the request" in compliance with Fed.R.Civ.P. 34(b)(2)(E)(I).

    e. Plaintiff's objection to Document Request No. 8, as originally stated, is **OVERRULED**; defendant's motion to compel is **GRANTED** to the extent that plaintiff is directed to supplement its response thereto by producing the documents to respond to defendant's narrowed document request, as modified in her memorandum filed in support of her motion to compel discovery from the plaintiff. In the event these documents have been destroyed, plaintiff is directed to produce the policies and

procedures concerning the destruction of documents that were requested by this document request but no longer exist because they have been destroyed.

    2. As to defendant Clay's Interrogatories:

    a. Plaintiff's objection to Interrogatory No. 2 is **SUSTAINED**. However, plaintiff's statement that "[o]ther regulations relating to real estate appraisals would be found in the Code of Federal Regulations" is insufficient. Defendant's motion to compel is granted to the extent that plaintiff is directed to identify the specific regulations in the C.F.R. that pertain to real estate appraisals.

    b. Plaintiff's objection to Interrogatory No. 3 is **SUSTAINED**. However, defendant's motion to compel is **GRANTED** to the extent that plaintiff is directed to supplement its response thereto by producing the policies and procedures concerning the destruction of documents that were requested by this interrogatory but no longer exist because they have been destroyed.

    c. Plaintiff's objections to Interrogatory Nos. 4, 6, 7, 8, 9 is **SUSTAINED**. Defendant's motion to compel is **DENIED**.

    d. Plaintiff's objection to Interrogatory No. 5 is **SUSTAINED**. However, plaintiff's answer is insufficient in that plaintiff failed to attach to its answer the policies and procedures concerning the destruction of the policies, requirements, standards, and/or regulations, relating to real estate appraisal reviews that are the subject of this interrogatory. Thus, defendant's motion to compel is **GRANTED** to the extent that plaintiff is directed to supplement its answer to this Interrogatory by producing the destruction policy in place that would have governed the retention and/or destruction of the applicable policies and procedures, etc., that are the subject of this interrogatory.

    e. Plaintiff's objection to Interrogatory No. 10 is **OVERRULED**. Plaintiff is directed to provide a more detailed answer to this interrogatory.

f. Defendant's motion to compel plaintiff to supplement its answer to Interrogatory Nos. 11, 12, and 13 is **GRANTED**.

This 9th day of February, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge