This Declaration is made pursuant to 28 U.S.C. § 1746.

1. I, H. Davis Sledd, have been licensed by the Supreme Court of Kentucky to practice law in the Commonwealth since 1982, and have been since March of 1991 an Assistant United States Attorney for the Eastern District of Kentucky. Since 1994 all mortgage foreclosure case referrals to the United States Attorney's Office from the United States Department of Agriculture, rural housing loans from the Rural Development ("RD") agency and farm loans from the Farm Service Agency (FSA"), are assigned to me, including the instant case. I have practiced hundreds of foreclosure cases in all divisions of the United States District Court for the Eastern District of Kentucky.

2. RD and FSA are completely separate federal agencies under the umbrella of the Department of Agriculture. They make and service different types of loans, and operate under separate governing federal regulations. They do not have employees in common, and have completely separate computer databases.

3. The loans which are the subject of this action were made by FSA (then its predecessor agency the Farmers Home Administration ("FmHA")) to the defendant, Mary Elizabeth Clay ("Clay") beginning in the early 1980s. Clay's loans were at all times administered and serviced by the FmHA's/FSA's office in Cynthiana, Kentucky. Clay executed two mortgages which are duly recorded in the Harrison County Clerk's Office.

4. At the time this case was referred to the United States Attorney and assigned to me, the Summer of 2005, Jacky A. Ott, my principal liaison at the FSA, advised me that the

1

RD office in Williamstown, Kentucky had issued releases of the two FSA mortgages. One of the releases was executed by RD office manager, Deborah Glass, and it was recorded in the Harrison County Clerk's Office. The other release was prepared but was not executed. The releases state on their face that they were issued by the RD Williamstown office.

5. Because RD has no authority or ability to release FSA's mortgages, it was my legal opinion that the releases were not valid or binding on FSA in any way.

6. In November of 2005, about two months after this action was filed, I was contacted telephonically by Lexington attorney Kenneth B. Fouts, II. Clay had contacted him, and he was investigating the matter on her behalf. We discussed the existence of the RD mortgage releases, and I explained to him why I considered the releases to be invalid. Mr. Fouts chose not to represent Clay.

7. After my conversation with Mr. Fouts, and based upon other information in the record, I moved the Court for the appointment of a Guardian ad Litem for Clay. [Record No. 9]. The Court appointed Richard R. Melville, Esq. [Record No. 10]. In early February, 2006 I had an extensive conference with Mr. Melville discussing all aspects of the case. I provided him copies of the mortgage releases. I explained to Mr. Melville the United States' position as to why the releases were invalid. In his February 23, 2006 letter to Clay, sent by first class mail to her correct home address, Mr. Melville expressly discusses the mortgage releases. He said *inter alia*: "It is the government's position that

no one from Rural Development has the authority to release any liens placed on property by the Farm Service Agency, and therefore the release filed on August 26, 2004 is invalid. Please inform me of your legal position on this issue." Mr. Melville's letter is in the Court's record of this action as an exhibit to his report to the Court. [*see* Report of Guardian Ad Litem, Record No. 11, Exhibit 2/23/06 letter]. Clay made no attempt to respond to Mr. Melville's request. He reported to the Court that he "is unable to defend this action on behalf of the defendant as he does not believe she has a valid defense and she refuses to cooperate." [Record No. 11, paragraph 10].

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of February, 2009.

_____
H. Davis Sledd