DECLARANT

I, Mitchell W. Whittle, declare as follows:

I am currently employed by the Farm Service Agency as the Farm Loan Program Chief and as Chief I have custody and access to the Agency's official records pertaining to Mary Clay. In the course of doing business, and pursuant to Handbook provisions 25 AS (Rev. 3) Amendment 15 paragraph 83, the Farm Service Agency's servicing office is directed to "establish and maintain an 'official records' case folder for an applicant or borrower receiving program assistance, for which the office has primary program processing and servicing responsibilities. The official case folder shall contain all information concerning an applicant or borrower". Pursuant to paragraph 85 B, of 25 AS, the records shall contain "Applications, planning, budgets, running record, processing checklist, and analysis records." The running record "shall document all Agency official contacts with or about an applicant or borrower".

A review of these records reflect the Farm Service Agency State Office first became aware of the Rural Development's mistake concerning the purported release of FSA's mortgage on or about September 14, 2004 through conversations with the Harrison County Farm Loan Manager, Earl Reynolds. Mr Reynolds contacted the State Office and advised that on September 14, 2004, Ms. Clay was in the Cynthiana FSA Office. At this meeting Ms. Clay stated that Rural Development in Williamstown

had released the FSA mortgage. Ms. Clay even insisted that Mr Reynolds check the Harrison County Courthouse records, which he did. Mr. Reynolds discovered that Deborah Glass, Rural Development Manager for the Rural Development in Williamstown had actually signed a release which was filed of recorded on August 26, 2004 in the Harrison County Clerk's Office. Mr. Reynolds then immediately contacted the Kentucky FSA State Office to make sure we were aware of the situation. After consultation with FSA's Regional Attorney's Office (OGC) and the United States Attorney's Office a "Notice Regarding the Validity of Mortgage Release" was drafted and filed of record in the Harrison County Clerks office on September 21, 2004 for the sole purpose of notifying other potential innocent third parties of the nature of the Rural Development purported release in order to prevent them from being mislead into lending any additional monies to Ms. Clay, based on an incorrect lien position.

The Farm Service Agency and Rural Development are two separate and identifiable Agency's within the Untied States Department of Agriculture. On October 13, 1994, The Department of Agriculture was reorganized under the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act. Under that Act, USDA Rural Development was created to administer the **former Farmers Home Administration's (FmHA) non-farm financial programs for rural housing**, community facilities, water and waste disposal, and rural

businesses. The reorganization also resulted in the Consolidated Farm Service Agency, being renamed Farm Service Agency (FSA) in November 1995. The new FSA encompassed the Agricultural Stabilization and Conservation Service, Federal Crop Insurance Corporation (FCIC) **and the farm credit portion of the old Farmers Home Administration.** Thus, Rural Development release of the Farm Service Agency mortgage was not authorized or valid. Rural Development simply does not have the authority to release a Farm Service Agency's mortgage.

I declare, certify and state under penalty of perjury that the forgoing is true and correct. Executed on this the ____18th____ day of ____February____, 2009.

                                                        Mitchell W. Whittle, Chief
Farm Loan Programs
Farm Service Agency