UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 05-382 JMH                            FILED ELECTRONICALLY

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                          JUDGMENT AND ORDER OF SALE

MARY ELIZABETH CLAY, ET AL                                       DEFENDANTS

* * * * * * *

This cause is before the Court upon Plaintiff's Motion for Summary Judgment and Motion to Dismiss against the defendant, Mary Elizabeth Clay. The motions are fully briefed and is ripe for decision. The Court has determined that there is no genuine issue as to any material fact and that Plaintiff is entitled to the entry of judgment as a matter of law.

Therefore, it is ORDERED, ADJUDGED and DECREED herein as follows:

1.     That the plaintiff's said motions should be and the same hereby are GRANTED.

2.     That the plaintiff, the United States of America, be and it is hereby granted a JUDGMENT against the defendant, Mary Elizabeth Clay, in the sum of $94,786.22 principal, plus shared appreciation recapture of $22,250.00, plus interest in the amount of $30,605.14 as of February 27, 2009, and interest thereafter on the principal at the rate of 9.9364 percent per day from February 27, 2009, until the date of entry of this Judgment, plus interest on the Judgment amount (principal plus the shared appreciation recapture plus interest to the date of entry of this Judgment) at the legal rate of interest in effect as of the date of entry of this Judgment, computed daily and compounded annually, until paid in full, and for the costs of this action and the sales.

3.     That federal liens attach to the real property which is the subject of this action, the same being located in Harrison County, Kentucky, and more particularly described as follows

(hereinafter the "Property"):

> A tract of land located in Harrison County, Kentucky and described as follows:
>
> BEGINNING at a corner fence post about 65 feet South of Pedro Pike, corner to Ray Chamberlin and S.F. Florence; N. 75° 10' E. 147 feet with C.F. Florence and fence to a corner post; thence 4 more calls with C.F. Florence N. 57° 60' E. 68.5 ft. to a corner fence post; thence N. 50° 15' E. 159 ft. to center of Pedro Pike; thence N. 88° 30' E. 50 ft. to a point in center of Pedro Pike; N. 75° 45' E. 169 ft. to a set steel spike in the center of Pedro Pike; thence S. 59° 00' E. 12 ft. with C.F. Florence to a point in center of Pedro Pike, a corner with Irvin Williams; thence 9 more calls along center of Pedro Pike S. 59° 00' E. 30.3 ft. with Irvin Williams; S. 34° 30' E. 63.5 ft. with Irvin Williams to set steel spike in center of Pedro Pike; thence S. 27° 00' E. 205 ft. with Irvin Williams; thence S. 13° 45' E. 95 ft. with Irvin Williams to a point in center of Pedro Pike, corner to Rolah Williams; thence 4 more calls with Rolah Williams along center of Pedro Pike; S. 3° 00' W. 100 ft.; S. 17° 30' W. 272 ft.; S. 9° 09' E. 70 ft.; S. 24° 15' E. 193.5 ft. to the center of Pedro Pike corner to Frank Buscanyi; thence 7 more calls with Frank Buscanyi S. 68° 15' W. 136 ft. to a corner post; thence N. 48° 15' W. 397 ft. to a fence post; thence N. 47° 50' W. 525 ft. to an old rock fence; thence S. 39° 30' W. 200 ft. along old fence; thence S. 41° 20' W. 220 ft.; thence S. 42° 00' W. 200 ft. along old fence; thence S. 41° 20' W. 200 ft.; thence S. 42° 00' W. 200 ft.; S. 41° 21' W. 310 ft. to a corner fence post, corner to George Bradford Estate; thence N. 48° 30' W. 227 ft. with fence and George Bradford Estate; thence N. 48° 10' W. 101 ft. with George Bradford Estate to a set steel stake, corner with Ray Chamberlin; thence 4 more calls with Chamberlin N. 40° 30' E. 665 ft. to set stake in gateway on top of hill; thence N. 40° 30' E. 232.6 ft. to a set stake in fence about 6 ft. E. of large locust tree; thence S. 51° 30' E. 100 ft. to set stake; thence N. 43° 30' E. 331.5 ft. to corner fence post, the point of beginning, containing 21.96 acres of land.
>
> Being the same property conveyed by Deed dated April 26, 1983, recorded in Deed 162, Page 817, in the Harrison County Clerk's Office.

4. That the federal liens attaching to the Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any

city, county, state or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

5.      That in accordance with the foregoing paragraph the following liens, to the extent they affect the Property, shall be deemed to be released upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below: Mortgage in favor of the United States Department of Agriculture, Farm Service Agency, formerly known as the Farmers Home Administration (hereinafter the "Farm Service Agency"), recorded on May 12, 1981, in Mortgage Book 79, Page 445; and Mortgage in favor of the Farm Service Agency recorded on April 26, 1983, in Mortgage Book 84, Page 99; all references being to the Commonwealth of Kentucky, Harrison County Clerk's Office.

6.      That the United States Department of Agriculture, Farm Service Agency, be and it hereby is authorized and directed to offer the Property for sale at public auction. The sale shall be conducted within Harrison County, Kentucky. The Farm Service Agency shall advertise the sale by causing a notice of the sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Harrison County. The Farm Service Agency shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds. Prior to the sale, Farm Service Agency shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties. Farm Service Agency shall pay the customary fee for the appraisal, and shall be

reimbursed upon distribution of the sale proceeds. Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property.  Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in favor of the defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price in cash or upon a credit of 60 days. At the sale, no bid (except as to Farm Service Agency and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of
the proceeds of sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

7.      That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Farm Service Agency shall cause to be filed of record herein a

Report of Sale. The Report of Sale shall set forth the time and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall forthwith file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The United States Attorney shall prepare the Marshal's deed. The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the Marshal. Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall forthwith file of record herein a motion for distribution of the sale proceeds and to have this action stricken from the Court's active docket.

8.  That the defendant, Mary Elizabeth Clay, be and hereby is required to assemble and turn over possession of that certain farm equipment described in Composite Exhibit G of the plaintiff's Complaint in this action, plus any increases, replacements or substitutions thereto, to the plaintiff within 30 days from the date of entry of this Judgment for the purpose of a sale of said chattels in a commercially reasonable manner in accordance with Title 28, United States

Code, Sections 2001 and 2004. Said defendant shall contact the Supervisor at the county or local office of the Farm Service Agency to arrange a mutually convenient time for the delivery of said chattels to the Farm Service Agency. In the alternative, should said defendant fail to comply with the foregoing provision of this Judgment within 30 days, the United States Marshal for the Eastern District of Kentucky, or his authorized designee, is hereby ordered and directed to take possession of the said chattels and deliver them to the Farm Service Agency for sale. In the event that the defendant, Mary Elizabeth Clay, is no longer in possession of all of the said chattels, she shall within 30 days from the date of entry of this Judgment provide an accounting to this Court of the disposition of each item of the chattel property, the amount of the proceeds received therefrom, and the present location of each item of the chattels and/or the proceeds therefrom. The defendant's accounting shall be in writing signed by the defendant, shall be filed in the Court's record in this action, and the defendant shall cause a copy of the accounting to be delivered to the Office of the United States Attorney, 260 West Vine Street, Suite 300, Lexington, KY 40507.

9.     That the proceeds of the sales of the Property and the chattels shall be subjected first to the payment of the costs of this action and the sales, then toward satisfaction of the United States' Judgment against the defendant, Mary Elizabeth Clay, and thereafter as this Court shall direct.

10.     That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notice by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property not later than 30 days from the date of entry of this Judgment. Should any such person fail to move

out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of the Farm Service Agency or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

11.     That this action is now continued for confirmation of the sale of the Property, distribution of the sale proceeds, and for such further orders and judgments as may be necessary.

12.     The counterclaim against the United States is hereby DISMISSED.

   This ____ day of _____, 2009