```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Civil Action No. 5:05-382-JMH |
| ) | |
| v.   ) | |
| ) | |
| )  | **ORDER** |
| MARY ELIZABETH CLAY,   ) | |
| and AMERICAN GENERAL HOME   ) | |
| EQUITY, INC.,   ) | |
| ) | |
| Defendants.   ) | |

```
               **   **   **   **   **
```

This matter is before the Court on Defendant Mary Elizabeth Clay's ("Defendant") Motion for Continuance and/or Enlargement of Time in which to respond to Plaintiff's motion for summary judgment and motion to dismiss. [Record Nos. 72 and 73].[1] Plaintiff having responded [Record No. 74], this matter is now ripe for review.

On February 27, 2009, Plaintiff filed two identical documents, one styled a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 [Record No. 68], and the other styled a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 [Record No. 69]. Attached to both motions were three affidavits. When a motion to dismiss presents

---

[1] Instead of filing her motion as one docket entry requesting a continuance, or in the alternative, an extension of time, Defendant created two separate docket entries, one requesting a continuance [Record No. 72] and the other requesting an extension of time [Record No. 73]. As the two docket entries are identical, the Court will treat the filings as one motion, as did Plaintiff.

evidence outside the pleadings, the motion must be treated as one for summary judgment under Fed. R. Civ. 56, if the Court considers such evidence. Fed. R. Civ. P. 12(d); *see also Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999). In the instant case, the affidavits presented by Plaintiff are clearly outside the pleadings, and the Court will treat Plaintiff's motion as one for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendant has moved the Court, pursuant to Fed. R. Civ. P. 56(f), for a continuance or extension of time in which to respond to Plaintiff's motion for summary judgment. As grounds for her motion, Defendant has presented evidence from her counsel that because of the belated production of discovery materials, she cannot, at this juncture, present facts essential to justify her opposition to Plaintiff's motion. On March 2, 2009, Defendant's counsel received supplemental discovery materials that the Court ordered Plaintiff to produce. Defendant's counsel avers that she will need additional time in which to review the nearly four hundred documents and supplemented answers to interrogatories. Furthermore, by Order of even date, the undersigned ordered that Plaintiff shall, within ten days, provide Defendant with numerous additional documents. Finally, Defendant's counsel avers that on six separate occasions she contacted Plaintiff in an attempt to schedule depositions, to no avail.

For the foregoing reasons, and those discussed in the Order of

even date, **IT IS ORDERED:**

1) That Defendant's Motion for a Continuance or Extension pursuant to Fed. R. Civ. P. 56(f) [Record Nos. 72 and 73] shall be, and the same hereby is, **GRANTED**; and

2) That Defendant's Motion for Summary Judgment [Record No. 68] and Motion to Dismiss [Record No. 69] shall be, and the same hereby are, **DENIED WITHOUT PREJUDICE**, to be re-filed after the close of discovery, as set forth in this Court's previous Order of even date.

This the 26th day of March, 2009.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge