UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-382-JMH                                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                    **MEMORANDUM IN SUPPORT OF
                         MOTION TO DISMISS**

MARY ELIZABETH CLAY, ET AL                                              DEFENDANTS

\* \* \* \* \*

Comes the Plaintiff, the United States of America, and in support of its Motion to Dismiss the above-captioned matter in its entirety, including the attendant counterclaims/cross-claims of the Defendant herein, avers as follows:

As this Court is aware, the United States commenced this action on September 20, 2005 as a foreclosure action for nonpayment of federal real estate mortgage and chattel liens. [R. 1.] Summary judgment was initially obtained by the United States [R. 17], was set aside [R. 35], and upon reopening of the case, Defendant Clay filed an Answer and Counterclaim for recoupment through her attorneys at Legal Aid of the Bluegrass. [R. 36.] Shortly thereafter, discovery began in earnest, and hundreds of documents were exchanged between the parties. Active discovery continued for approximately six (6) months--from November 2008 through mid-April, 2009. [R. 48-82.]

In April 2009, the newly installed Secretary of the United States Department of Agriculture issued a Memorandum to all USDA employees, announcing that he had temporarily suspended all foreclosures within the Farm Service Agency's farm loan program for approximately 90 days. [R. 83, Exh. 1.] The stated purpose for said suspension was to afford the "opportunity to review loans involving possible discriminatory conduct." [*Id.*] Upon notification of the issuance of this Memorandum, the United States herein moved for, and was granted, a stay in the instant case. [R. 86.] Settlement discussions between counsel for the parties continued during this time period. On June 17, 2009, attorneys for Defendant Clay unexpectedly withdrew from their representation of her, indicating that after a settlement proposal was conveyed to Ms. Clay, she decided to terminate their services. [R. 87.]

On September 1, 2009, a Memorandum was circulated from the United States Department of Agriculture indicating that the temporary suspension of FLP foreclosures had been lifted. [R. 91, Exh. A, Notice FLP-545.] One exception to this "lifting of the stay" was for "accounts with open civil rights complaints," which were still "subject to the moratorium provisions of Notice FLP-541 once they ha[d] been accepted as valid by the USDA, Office of Adjudication and Compliance." [*Id.*] At this juncture, the only civil rights complaint of which FSA and undersigned counsel was aware of was a complaint that had been filed by Ms. Clay, and adjudicated as not having merit, several years prior to the instant matter. As such, the stay was lifted [R. 92] and this case was scheduled for a settlement conference [R. 93] in the hopes a satisfactory resolution could be reached. On October 7, 2009, the United States appeared (along with representatives of FSA) for the conference, but Ms. Clay did not appear, and said conference did not take place. [R. 95.] Ms. Clay was appointed a Guardian ad Litem, Hon.

Denotra Gunther, as the Court indicated a concern regarding Ms. Clay's mental competence. [R. 96.]

Shortly after the scheduled settlement conference, the local FSA office received notification that the USDA's Office of Adjudication and Compliance was investigating a discrimination complaint on behalf of Ms. Clay, and that same had been accepted for review on October 22, 2009. [R. 97.] Undersigned counsel conferred with Attorney Gunther, who was unaware of the filing, and also was unable to obtain information regarding the details of said complaint. [*Id.*] However, given the nature of the information received regarding the investigation of a discrimination complaint, a stay was ordered by this Court pending the resolution of same. [R. 100.] Further, the report of the Guardian ad Litem indicated that Ms. Clay was made aware that the filing of the discrimination complaint stayed the foreclosure action until it was resolved, unless the foreclosure action was settled. [R. 98.] The Guardian ad Litem's report also indicated that Ms. Clay was not willing to settle, and that it was Attorney Gunther's recommendation that a "disposition of the discrimination complaint occur prior to any further attempts to communicate and/or settle with the Defendant." [*Id.*]

In the fall/winter of 2009/early 2010, an investigator with the Office of Adjudication visited Lexington, interviewed employees at the local FSA office, and obtained documents from the United States Attorney's Office. [R. 101.] Despite many attempts, information from the Office of Adjudication regarding the status of the discrimination investigation was scant, and what information had been obtained from that Office was indicated in regular Status Reports to this Court. [R. 103, 105, 108, 110, 112, 114, and 116.] After many discussions with the Special Counsel for Civil Rights, the Office of the General Counsel for the United States Department of Agriculture, as well as the local FSA office, it was learned that Ms. Clay's administrative

discrimination complaint filed in 2001 (that had been adjudicated in 2004) had been reopened and reaccepted for processing, thus leading to the standard "Stop Foreclosure" memorandum being sent to the local FSA office based upon the pendency of a discrimination complaint. [R. 116.] The reopening of Ms. Clay's complaint ostensibly has occurred pursuant to Secretary Vilsack's Memorandum of April 2009, which called for a review of civil rights complaints filed between 2001 and 2008. [R. 83, Exh. 1.]

As indicated in the United States' most recent Status Report, after many discussions with the Special Counsel for Civil Rights and the Office of General Counsel for the USDA, it has been determined that the case that was reopened, and re-accepted for processing, by the USDA's Office of Adjudication and Compliance, is still subject to a foreclosure moratorium. As recent as February 28, 2012, information was received from the national FSA office indicating that Ms. Clay's previously closed civil rights complaint is undergoing a second review process by the Office of Departmental Management, and as such, the Agency is instructed to suspend any foreclosure actions. Because of the uncertainty of the outcome of this review, and based upon the length of the current stay, the United States respectfully requests that this Court dismiss this matter in its entirety, without prejudice. Ms. Clay filed a counterclaim for recoupment while represented by counsel, but since that time, has taken no action on her claims—including participating in a settlement conference, or responding to letters that have been sent to her by undersigned. In order to give Ms. Clay full opportunity to respond to dismissal of this matter, the United States proposes that Ms. Clay be given sixty (60) days to object or otherwise respond to the instant Motion to Dismiss filed herein.

For the foregoing reasons, the United States respectfully requests that upon the expiration of sixty (60) days, that this matter be dismissed, without prejudice, in its entirety.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY


 s/ Cheryl Morgan
Cheryl Morgan
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 233-2661


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2012, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system. I further certify that the foregoing document and notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participant:

Mary Elizabeth Clay
1973 Pedro Pike
Cynthiana, Kentucky  41031

on this the 16th day of March, 2012.

/s/ Cheryl Morgan
Cheryl Morgan
Assistant United States Attorney